IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT WINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| ROCK ISLAND COUNTY; SHERIFF ) | |
| JEFFREY A. BOYD; CORRECTIONAL ) | |
| OFFICER MICHELLE L. HAUN; ) | |
| CORRECTIONAL OFFICER ) | |
| MICHAEL DEAN PRINE; ) | |
| CORRECTIONAL OFFICER JASON ) | |
| C. ALLEN; SERGEANT MICHAEL J. ) | |
| BALL; SERGEANT LAURIE L. ) | |
| HEMPHILL; DOCTOR LARRY ) | |
| PETERSON; and AS-YET ) | |
| UNKNOWN MEDICAL PERSONNEL, ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |

**COMPLAINT**

Plaintiff ROBERT WINN ("Winn") complains against Defendants ROCK ISLAND COUNTY; JEFFREY A. BOYD, ROCK ISLAND COUNTY SHERIFF; CORRECTIONAL OFFICER MICHELLE L. HAUN; CORRECTIONAL OFFICER MICHAEL DEAN PRINE; CORRECTIONAL OFFICER JASON C. ALLEN; SERGEANT MICHAEL J. BALL; SERGEANT LAURIE L. HEMPHILL; DOCTOR LARRY PETERSON and AS-YET UNKNOWN MEDICAL PERSONNEL (collectively, "DEFENDANTS") as follows:

**Nature of Action**

1.   This is a civil action seeking damages for Defendants' deprivation of Plaintiff's constitutional rights, including his rights guaranteed by the Eighth and Fourteenth Amendments, while acting under color of law as Rock Island County Sheriff, Rock Island County Jail

1

Correctional Officers, and Rock Island County Jail medical personnel, and for related state-law claims.

### Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is proper under 28 U.S.C. § 1331 because it alleges violations of constitutional amendments as well as 42 U.S.C. § 1983, and therefore raises questions of federal law. Jurisdiction is also based on 28 U.S.C. § 1343 because relief is sought for the deprivation of Plaintiff's constitutional rights under color of state law. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

3. Venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims herein occurred in this District.

### Parties

4. Plaintiff Robert Winn is a citizen of the United States, who currently resides in Moline, Illinois. At all times relevant to the facts alleged in this Complaint, Plaintiff was a resident of Moline, Illinois. Plaintiff is a veteran of the United States Army.

5. Defendant Rock Island County is a duly incorporated governmental entity in Illinois, and is responsible for the housing and medical care of inmates at the Rock Island County Jail. Rock Island County, Illinois, is liable for any judgments related to its agents and employees arising in the course of their employment, pursuant to 745 ILCS 10/2-302.

6. Jeffrey A. Boyd is the Sheriff of Rock Island County. He is sued in his official capacity.

7. The following individuals were correctional officers and medical personnel at the Rock Island County Jail during the events complained of: CORRECTIONAL OFFICER MICHELLE L. HAUN. CORRECTIONAL OFFICER MICHAEL DEAN PRINE, CORRECTIONAL OFFICER JASON C. ALLEN, SERGEANT MICHAEL J. BALL, SERGEANT LAURIE L. HEMPHILL, DOCTOR LARRY PETERSON, and AS-YET UNKNOWN MEDICAL PERSONNEL. All of the individuals named in this paragraph may be referred to collectively as the "individual defendants." They are all sued in their individual capacities.

8. At all times relevant hereto, the individual and official defendants were acting under color of the statues, ordinances, regulations, customs, and usages of the State of Illinois, County of Rock Island, and Rock Island County Sheriff's Office, and within the scope of their employment with defendant institutions.

**Facts Common to All Counts**

9. On or about July 10, 2013, Plaintiff was arrested for contempt of court related to a pending arrest for driving with a suspended license. Plaintiff was unable to post bond related to this arrest, and so was booked into the Rock Island County Jail on July 10, 2013.

10. When Plaintiff was booked at the Rock Island County Jail, he was presented with a form to sign regarding his detainee rights. One of Plaintiff's rights in the Rock Island County Jail was the "right to adequate medical and mental health treatment."

11. All detainees at Rock Island County Jail must provide responses to a medical screening questionnaire to a booking officer, an employee of the Rock Island County Jail, before the detainee is placed in a cell. Correctional Officer Michelle HAUN was the booking officer who screened Plaintiff on July 10, 2013.

12. During Plaintiff's medical screening, Plaintiff notified HAUN that he was on medications for various conditions, including depression, attention deficit-hyperactivity disorder, obsessive-compulsive disorder, bipolar disorder, high blood pressure, and other cardiovascular conditions. Plaintiff further notified HAUN that he had three (3) stents placed in his heart in October, 2012, and pins placed in his back.

13. In response to a question regarding other medical problems the medical staff should be aware of, Plaintiff indicated to HAUN that he had a history of passing out. He also stated that he was under a great amount of stress due to the death of a close friend, and that at times he had feelings of hopelessness and worthlessness.

14. On July 11, 2013, Plaintiff met with Doctor Larry PETERSON at Rock Island County jail. Plaintiff notified Dr. PETERSON of his medical history and his medication status. Plaintiff indicated that he was on at least ten (10) medications and gave his permission for the Rock Island County Jail to receive information related to his prescription medications.

15. On that same date, the Veterans' Administration sent a list of Plaintiff's medications to the Rock Island County Jail. The list included more than thirty (30) medications that Plaintiff was actively being prescribed. Approximately twenty-five (25) of the medications were taken on a daily basis.

16. Plaintiff was not given all of his necessary medications while he was in custody at the Rock Island County Jail. Although Plaintiff met with Dr. PETERSON on July 11 and 12, 2013, the Rock Island County Jail did not provide Plaintiff with all of his medications.

17. On or about July 12, 2013, at approximately 11:00 p.m., Plaintiff passed out and hit his head on the concrete floor. Because it was a Friday night, no medical personnel was

present at the Rock Island County Jail. The correctional officers on duty at the time did not call an ambulance, or provide any other medical treatment to Plaintiff.

18. For the remainder of the weekend, Plaintiff felt light-headed and like he was going to pass out. Plaintiff told the correctional officers about passing out on Friday night, and hitting his head. Plaintiff requested to see a medical professional due to his passing out and hitting his head. Plaintiff was repeatedly told by the correctional officers that there were no medical personnel at the Jail because it was the weekend, and he would have to wait until Monday to see the doctor or nurse.

19. Plaintiff received some, but not all, of his medications for the remainder of the weekend.

20. On July 14, 2013, Plaintiff again felt light-headed. Plaintiff passed out in his cell and fell down.

21. When Plaintiff regained consciousness, he saw that his ankle was turned to a forty-five (45) degree angle, and was likely broken. He also had a large gash on the side of his foot.

22. One of the correctional officers, OFFICER JASON C. ALLEN, was completing his rounds when he heard Plaintiff calling for help from his cell. When Officer ALLEN saw Plaintiff's foot turned out at the angle, he called for an ambulance.

23. Plaintiff was taken to the emergency room at Trinity Hospital in Rock Island, Illinois. He spent the next two (2) days in the hospital.

24. On July 16, 2013, Plaintiff was transferred back to the Rock Island County Jail. He was released that same day.

25. Plaintiff's medical complications continued after his release from the Rock Island County Jail. The wound on Plaintiff's foot became infected, and his ankle did not heal properly. Plaintiff's wounds necessitated extreme medical care, and he was hospitalized at a rehabilitation facility for several weeks.

26. On October 2, 2013, Plaintiff underwent a below-the-knee amputation of his shin and foot. After the amputation, Plaintiff spent a significant amount of time in a residential rehabilitation center.

**Count I – 42 U.S.C. § 1983 Claim of Constitutional Deprivation of Plaintiff's Eighth and Fourteenth Amendment Rights**

27. Paragraphs 1-26 above are realleged here as if fully set forth herein.

28. The actions of the individual defendants, described above, whereby defendants were aware of Plaintiff's obvious, serious medical needs but deliberately, willfully, and wantonly ignored Plaintiff's obvious, serious medical needs and the substantial risk of serious bodily injury, and failed to take appropriate steps to protect him, constituted deliberate indifference to Plaintiff's serious medical need, those violating the Eighth and Fourteenth Amendments to the United States Constitution.

29. As a direct and proximate result of these Constitutional violations, Plaintiff suffered great pain, mental anguish, and the loss of his leg.

WHEREFORE, Plaintiff Robert Winn demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of one million dollars ($1,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages, plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

**Count II – 42 U.S.C. § 1983 Claim against Institutions and Official Defendants for Failure to Properly Instruct, Supervise, and Provide Adequate Medical Care**

30. Paragraphs 1-29 above are realleged here as if fully set forth herein.

31. The Constitutional violations detailed above were caused in part by the customs, policies, and practices of Defendant Rock Island County, as promulgated, enforced, and disseminated by the official defendants, whereby the institutions and official defendants charged with ensuring adequate health care to pre-trial detainees at Rock Island County Jail failed utterly to provide access to the most basic health care commensurate with a civilized society.

32. These failures include (1) fostering an atmosphere at the Rock Island County Jail where correctional officers and medical personnel were encouraged to disregard the serious medical needs of detainees; (2) knowingly failing to ensure that serious emergent medical needs of detainees could be treated in a reasonable time frame, by (a) failing to provide any medical services during the weekend hours, (b) failing to have an adequate plan to respond to emergency medical needs, including frequent bouts of unconsciousness and falling, (c) failing to have a reasonably equipped or staffed emergency medical response team, and (d) failing to have a system in place so that the medical needs of detainees are reviewed promptly by properly trained medical staff and acted upon in a reasonable manner; and (3) failing to have an appropriate system in place to ensure that all detainees are able to continue their medical treatment while in detention.

WHEREFORE, Plaintiff Robert Winn demands judgment against the Rock Island County and Sheriff Jeffrey A. Boyd in his official capacity for compensatory damages in an amount in excess of one million dollars ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

**Count III – Indemnification (State Law Claim)**

33.     Paragraphs 1-32 above are realleged here as if fully set forth herein.

34.     Illinois law requires public entities to pay any tort judgment for compensatory damages for which employees are liable while acting in the scope of their employment activities.

35.     In the event that any individual defendants are found liable for their actions performed in the course of their employment, Rock Island County, Illinois, must indemnify the employee for this verdict.

WHEREFORE, Plaintiff Robert Winn demands that Rock Island County, Illinois, pay any compensatory judgments against individual defendants who acted within the scope of their employment.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in Plaintiff's favor and against Defendants and awarding Plaintiff the following relief:

        A.     Compensatory damages;

        B.     Punitive damages;

        C.     Costs, including reasonable attorneys' fees;

        D.     Injunctive relief; and

        E.     Any other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

>Respectfully submitted,
>
>Robert Winn,
>Plaintiff
>
>By:    s/ *Anthony L. Schumann*  
>         One of His Attorneys

Anthony L. Schumann
Grant Schumann, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
p: (312) 551-0111
f: (312) 551-0112