UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT WINN,                        )
                                    )
            Plaintiff,              )
                                    )
    v.                              )      14-4074
                                    )
ROCK ISLAND COUNTY, *et al.*        )
                                    )
            Defendants.             )

## ORDER

Plaintiff, by and through his counsel of record, filed the present lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments related to Plaintiff's medical care while incarcerated at the Rock Island County Jail, and a state law indemnification claim.  Matter is before the Court for ruling on Defendant Larry Peterson's Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [d/e 17].  As a preliminary matter, Defendant's motion fails to cite any supporting legal authority as required by Local Rule 7.1(B)(1), other than to reference Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Stated directly, Defendant's motion is insufficient and violation of Local Rule 7.1(B)(1) alone would be sufficient grounds for denial.  Nonetheless, the Court will address the merits.  The motion is denied.

## BACKGROUND

In his Complaint, Plaintiff alleges a series of events beginning with his incarceration in Rock Island County Jail and resulting in the below-the-knee amputation of one of Plaintiff's legs. [d/e 1].  Plaintiff has named eight defendants and alleges three theories of relief: (1) a claim against all defendants for violation of the Eighth Amendment's proscription against cruel and unusual punishment related to medical treatment; (2) a municipal liability claim under 42

U.S.C. § 1983 against Rock Island County and Sheriff Jeffrey A. Boyd in his official capacity; and, (3) a state law indemnification claim against Rock Island County.

Specifically, Plaintiff alleges that he was arrested on July 10, 2013 and booked into the Rock Island County Jail. During the booking process, Plaintiff disclosed that he was then taking prescription medications for several medical conditions, including depression, attention deficit-hyperactivity disorder, obsessive-compulsive disorder, bipolar disorder, high blood pressure, and other cardiovascular conditions. Plaintiff alleges also that he informed jail personnel of a history of passing out. Over the next two days, Plaintiff met with Defendant Peterson, a physician at the jail, on at least two occasions. Plaintiff alleges that he informed Defendant Peterson of his prescription medications and his medical history. The Veterans' Administration forwarded a list of at least 30 medications then-prescribed to the Plaintiff to the Rock Island County Jail. Plaintiff alleges that he did not receive all of his medications. No further allegations are made against Defendant Peterson.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) does not resolve the merits of a particular claim. Instead, it tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A court will accept the factual allegations in the complaint as true, but they must give "'fair notice of what ... the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations

must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  In sum, the plaintiff's allegations must demonstrate that the claim "is plausible, rather than merely speculative." *Tomayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir.2008).

In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *Forseth v. Vill. of Sussex,* 199 F.3d 363, 368 (7th Cir.2000).  In doing so, the facts set forth in the complaint are viewed "in the light most favorable to the nonmoving party." *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir.1995).  Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law.  *N. Ind. Gun & Outdoor Shows v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998) (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir.1989)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 680–81 (2009) (citing *Twombly,* 550 U.S. at 554–55) (conclusory allegations are "not entitled to be assumed true").

To implicate a violation of the Eighth Amendment for inadequate medical care, the Plaintiff must allege that the official acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  A life threatening condition is not required.  "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted).  Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm.  *Mayoral v. Sheehan*, 245 F.3d 934, 938 (7th Cir. 2001).  Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that at the time he was booked into the Rock Island County Jail, he was taking a number of prescription medications. Plaintiff alleges he informed jail personnel of these medications and that the Veterans' Administration had provided the jail with a comprehensive list of same. Upon meeting with Defendant Peterson, Plaintiff discussed these issues, and presumably Plaintiff's history of passing out. Plaintiff alleges that he did not receive all of his medications and that passing out started the chain of events that ultimately led to Plaintiff's leg amputation. Given the facts alleged, and the inferences drawn therefrom, Plaintiff has plausibly stated a claim for deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments as alleged in Count I.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Peterson's Motion to Dismiss [d/e 17].

Entered this 20th day of April, 2015.

                                            *s/Sara Darrow*
                                            SARA DARROW
                                         UNITED STATES DISTRICT JUDGE